UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROCHALONN M. CHAPMAN,<br><br>                Petitioner,<br><br>v.<br><br>CAROLYN MYLES, *et al.*,<br><br>                Respondents. | Case No. 2:12-cv-01804-MMD-VCF<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases as well as on petitioner's application (dkt. no. 2) to proceed *in forma pauperis* and motion (dkt. no. 3) to proceed with appeal on criminal records. The pauper application notwithstanding, the filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

**I.  BACKGROUND**

Petitioner Rochalonn Chapman challenges her Nevada state conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon.

Petitioner's responses in the petition and the online docket records of the state district court and state supreme court reflect the following.

Petitioner's conviction was affirmed on direct appeal in a December 6, 2007, decision by the Supreme Court of Nevada. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on March 5, 2008.

Nearly two years later, on or about January 6, 2010, petitioner filed a motion to modify sentence in the state district court. The court denied the motion on or about February 10, 2010. Petitioner did not appeal the denial of the motion. The time for doing so expired on or about March 12, 2010.

Nearly another two years later, on or about November 28, 2011, petitioner filed a motion to correct illegal sentence in the state district court. The court denied the motion, and the Supreme Court of Nevada affirmed on appeal. The remittitur issued on August 20, 2012.

On or about September 28, 2012, petitioner mailed the federal petition to the Clerk of this Court for filing.

**II.    DISCUSSION**

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period therefore began running after the ninety day time period expired for filing a petition for *certiorari* after the state supreme court affirmed the conviction on direct appeal, *i.e.,* after March 5, 2008.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, there were no state proceedings seeking collateral review of the conviction at any time prior to March 5, 2009.

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on March 5, 2009. The federal petition in this matter was not mailed for filing until on or about September 28, 2012, more than three years and six months after the federal limitation period had expired, absent other tolling or delayed accrual. The petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, she must come forward with new reliable evidence tending to establish her innocence, *i.e.*, tending to establish that no juror acting reasonably would have found her guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

**III.   PENDING MOTIONS**

The pauper application is unnecessary at the present juncture given that petitioner has paid the filing fee. The application in any event is incomplete because petitioner failed to include the required attachments with the application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. She attached neither. Petitioner should note these requirements should she seek pauper status in the future in this or another matter. The present application, which again is unnecessary at this juncture, will be denied without prejudice.

In the motion to proceed with appeal on criminal records seeks to proceed with the "appeal" on the original state court records. This motion also will be denied without prejudice as unnecessary at this juncture. If copies of relevant state court record materials are required, the Court will direct that petitioner provide such copies or, if she is unable to do so, the Court will issue an order directing a response from respondents limited to filing copies of the necessary records. At the present juncture, however, it does not appear that obtaining a copy of the entire state court record is necessary to screen the petition. The motion therefore will be denied without prejudice.

Petitioner further may wish to note that this matter is not an "appeal" of the decision of the Supreme Court of Nevada, which is not a subordinate court to this federal district court. Although inmates refer in lay parlance to all proceedings challenging a conviction as an "appeal," this proceeding in truth is a collateral challenge to a state conviction pursuant to a petition for a writ of *habeas corpus*.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If

///

petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which she bases her argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.

IT IS FURTHER ORDERED that petitioner's application (dkt. no. 2) to proceed *in forma pauperis* and motion (dkt. no. 3) to proceed with appeal on criminal records both are DENIED without prejudice.

DATED THIS 23rd day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE