UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROCHALONN M. CHAPMAN,<br><br>Petitioner,<br><br>v.<br><br>CAROLYN MYLES, *et al.*,<br><br>Respondents. | Case No.2:12-cv-01804-MMD-VCF<br><br>ORDER |

This habeas matter comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1). This order follows upon an earlier show cause order (dkt. no. 5) and petitioner's response (dkt. no. 6) thereto.

**I.    BACKGROUND**

Petitioner Rochalonn Chapman challenges her Nevada state conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon.

Petitioner's responses and the online docket records of the state courts reflect the following state and federal procedural history.

Petitioner's conviction was affirmed on direct appeal in a December 6, 2007, decision by the Supreme Court of Nevada. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on March 5, 2008.

Nearly two years later, on or about January 6, 2010, petitioner filed a motion to modify sentence in the state district court. The court denied the motion on or about February 10, 2010. Petitioner did not appeal the denial of the motion. The time for doing so expired on or about March 12, 2010.

Nearly another two years later, on or about November 28, 2011, petitioner filed a motion to correct illegal sentence in the state district court. The court denied the motion, and the Supreme Court of Nevada affirmed on appeal. The remittitur issued on August 20, 2012.

On or about September 28, 2012, petitioner mailed the federal petition to the Clerk of this Court for filing.

**II.    DISCUSSION**

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).[1]

**A.    Calculation And Application Of The Federal One-Year Limitation Period**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period began running upon expiration of the ninety day time period for filing a petition for *certiorari* after the state supreme court affirmed the conviction on direct appeal, *i.e.,* after March 5, 2008.

---

[1] Petitioner states in her response that "up to this point . . . no one has stated or argued that the case has been time barred or procedurally barred." Dkt. no. 6, at 8. Regardless of whether or not the two state proceedings initiated by petitioner were subject to a limitations period or a procedural bar, a federal habeas petition undeniably is subject to a one-year limitation period. This Court has questioned the timeliness of the petition *sua sponte*, which it is authorized to do under the Ninth Circuit authority cited in the text. Petitioner thus must demonstrate that the federal habeas petition is not subject to dismissal for untimeliness.

2

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, there were no state proceedings seeking collateral review of the conviction at any time during the one year period from March 5, 2008, to March 5, 2009.

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on March 5, 2009. The federal petition in this matter was not mailed for filing until on or about September 28, 2012, more than three years and six months after the federal limitation period had expired, absent other tolling or delayed accrual. The petition therefore is untimely on its face.

In the show-cause response, petitioner provides extensive argument directed to whether the claims in the petition are exhausted and to the procedural default doctrine. However, the show-cause order was directed to neither exhaustion nor procedural default. The show-cause order instead directed petitioner to show cause why the petition should not be dismissed because it was untimely under the one-year limitation period under § 2244(d)(1). The show-cause order further outlined for petitioner the governing law that is applicable to that issue. Petitioner's lengthy argument regarding exhaustion and procedural default wholly begs the question and is irrelevant.[2]

Petitioner's argument regarding application of the standard of review on the merits under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), is similarly irrelevant. The question at issue is not adjudication of the claims on the merits under § 2254(d) but is application of the one-year limitation period under § 2244(d)(1) that also was adopted pursuant to AEDPA. Again, the show-cause order outlined for petitioner the law that is applicable to the question at issue.

---

[2]The Court makes no implicit holding as to whether the claims presented were exhausted and not procedurally defaulted. The only issue before the Court on the current show-cause inquiry is whether the federal petition is untimely in the first instance. This threshold issue cuts across all other potential issues.

3

1    Petitioner's argument concerning state statutory provisions applicable to state post-conviction relief also is irrelevant. Petitioner is not in state court anymore. Statutes such as N.R.S. 34.500 have no application to this proceeding and clearly have no application to the timeliness issue under § 2244(d)(1).

In her response, petitioner underscores, without additional apposite argument, the language in § 2244(d)(2) providing that the federal limitation period shall be statutorily tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in the state courts. However, the Court expressly took this statutory tolling into account in the show-cause order. Statutory tolling under § 2244(d)(2) does not render the petition timely for two reasons. First, there were no state proceedings pending before the federal limitation period expired on March 5, 2009, absent other tolling or delayed accrual over and above § 2244(d)(2) tolling. Second, there were large blocks of time far exceeding one year in the aggregate that were not subject to statutory tolling under § 2244(d)(2). There was a nearly two-year gap between the March 5, 2008, date after which the federal limitation period began running and petitioner's January 6, 2010, motion to modify sentence in the state district court. And there was another nearly two-year gap between the March 12, 2010, expiration of the time for appealing the denial of that motion and petitioner's November 28, 2011, motion to correct illegal sentence in the state district court. Statutory tolling under § 2244(d)(2) thus does not render the federal petition timely.

Petitioner further urges that: (a) a motion to correct illegal sentence may be brought at any time; (b) she is filing a motion to correct illegal sentence "via" a petition for a writ of habeas corpus; (c) she should not be treated any differently than would a federal prisoner filing a motion to correct illegal sentence; and (d) she should not be denied an adequate review of her claims simply because she is late in filing a motion to correct an illegal sentence, which is not subject to time limitations. Petitioner's premises and logic are both flawed. A federal prisoner seeking to file a motion to correct sentence is in fact subject to a one-year limitation period just like a state prisoner

4

seeking federal habeas relief. 28 U.S.C. § 2255(f).[3] A state prisoner challenging a state judgment of conviction must file a petition for a writ of habeas corpus in federal court, not a motion to correct sentence; and the one-year limitation period applicable to a federal habeas petition may not be avoided by calling a habeas petition something else. Petitioner's argument is frivolous.

Accordingly, petitioner has not demonstrated that the petition is timely on its face.

**B.    Equitable Tolling**

Equitable tolling is appropriate only if the petitioner can show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).*Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner asserts in the show cause response: (a) that "statistics show" that 85% of prisoners are totally illiterate in exercising their rights to access the courts and that she falls in that 85%; (b) that during the time that she and other female inmates were housed on an overflow basis in a men's institution at "Jean Correctional Center," she was not afforded "proper" legal forms or research and was not privy to a post-

---

[3] A Nevada state court motion to correct sentence is not subject to a limitations period. However, apart from statutory tolling under § 2244(d)(2), the fact that a Nevada motion to correct sentence is not subject to a limitations period has nothing to do with the application of the one-year federal limitation period under § 2244(d)(1). A federal habeas petition indisputably is subject to a one-year limitation period.

5

sentencing change in Nevada law upon which she relies; and (c) after being transferred back to her current facility she learned of the change in the law and has pursued relief as forms and research became available but "often times" inmates of the facility are not provided correct forms and research.[4]

At the outset, petitioner neither has presented competent evidence nor has she provided evidence of specific facts as required by the show-cause order. The show-cause order expressly directed:

> IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which she bases her argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

Dkt. no. 5, at 5.

None of the factual assertions made by petitioner are made pursuant to a declaration under penalty of perjury. Indeed, the body of the show-cause response is not even signed by petitioner. Under the show-cause order, petitioner may not make factual statements in the response that have no supporting evidence. She instead must make a declaration under penalty of perjury and present competent evidence in support of a claim of equitable tolling in response to the show-cause order. The only declaration under penalty of perjury attached with the response affirms that the information *in the certificate of service* is true and correct. Petitioner has made no declaration under penalty of perjury that the facts asserted *in the show-cause response* are true and correct. As the show-cause order states: "Unsupported assertions of fact will be disregarded."

---

[4] See Dkt. no. 6, at 10-11. Petitioner has not argued equitable tolling *per se*, but the Court has placed her factual arguments in the appropriate place in the time-bar analysis.

6

Further, the unsupported generalized factual assertions made are not specific as to time and place as required by the show-cause order. Moreover, even if *arguendo* accepted as true on their face, the factual assertions made by petitioner do not establish a basis for equitable tolling.

With regard to alleged illiteracy, petitioner's multiple lengthy filings in this matter, as well as her multiple filings in the state courts, clearly belie any claim that she is totally illiterate. An inmate's lay status and unfamiliarity with the law otherwise does not provide a basis for equitable tolling. *E.g., Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006).

With regard to the time at the Jean facility, the material that petitioner attaches with the show-cause response reflects that petitioner was at Jean through March 21, 2008. The federal limitation period did not begin running until after March 5, 2008. Petitioner must show not only that she purportedly was subjected to an extraordinary circumstance that constituted an impediment but must demonstrate a causal relationship between the impediment and her untimely filing. *E.g., Spitsyn, supra.* Even if the Court assumed, *arguendo*, the existence of an extraordinary circumstance for 16 days at the beginning of the limitation period, such a circumstance would not cause a failure to timely file a federal petition one year later on March 5, 2009. Moreover, even if the Court instead followed a "counting-the-days" approach to equitable tolling, rather than requiring a causal nexus, more than a year elapsed between March 21, 2008, and petitioner's first state filing on January 6, 2010. And nearly another two years elapsed between the conclusion of that proceeding and her second state filing. Thus, even if the Court were to hold that the circumstances at the Jean facility constituted an extraordinary circumstance, the sixteen (16) days involved would not render the federal petition timely.[5]

---

[5] The Court notes in passing that, based on the response to her kite attached with her show-cause response, petitioner apparently actually is referring to the now-closed Southern Nevada Correctional Center. The only other facility at Jean, Nevada, is the Jean Conservation Camp, which at least currently is an all-female facility.

Finally, petitioner's broad amorphous assertions that, after returning to her current facility, she has pursued relief as forms and research became available but "often times" inmates at the facility are not provided correct forms and research fails to demonstrate either an extraordinary circumstance standing in her way or diligence on her part. A total of nearly four years passed in the aggregate during which petitioner was not pursuing relief in any court. If petitioner had sought relief in this Court, even on an improper form, the Court would have provided her an opportunity to seek relief on the proper form either in the then-current action or in a new action depending on where the limitation period stood at the time. Moreover, under established law, petitioner does not have a right to the active legal assistance of an inmate law clerk who independently analyzes the issues in her case when responding to her requests for research materials. *See,e.g., Felix v. McDaniel*, 2012 WL 666742, slip op. at *7-8 (D.Nev., Feb. 29, 2012). Petitioner's prolific filings in this matter demonstrate that she has access to legal research materials. Her generalized assertion that inmates "often times" are not provided "correct" research seeks to base a claim of equitable tolling upon her own unfamiliarity with the law and a lack of active legal assistance in navigating those prison legal resources. Neither establishes a basis for equitable tolling under established law.

Petitioner therefore has not established a basis for equitable tolling in response to the show-cause order.

C. **Actual Innocence**

In order to avoid application of the one-year limitation period based upon a claim of actual innocence, petitioner must come forward with new reliable evidence that was not presented at trial tending to establish her innocence, *i.e.*, tending to establish that no juror acting reasonably would have found her guilty beyond a reasonable doubt in light of such evidence. *See House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).[6]

---

[6]The United States Supreme Court recently granted a petition for a writ of *certiorari* in *McQuiggen v. Perkins*, ___ S.Ct. ___, 2012 WL 3061886 (Oct. 29, 2012), *(fn. cont…)*

Petitioner asserts in the show cause response that: (a) there was no weapon found or presented at trial to justify the weapon enhancement conviction; (b) she, a twenty-one year-old mother of two, was convicted without valid reliable evidence despite self-defense allegedly being an inalienable constitutional right; (c) a change to the Nevada weapon enhancement statute adopted after both her offense and her sentencing should have been applied retroactively to her case; and (d) the entire process in her case has constituted a "fundamental miscarriage of justice" that would continue if her claims are not reviewed.[7]

On her first contention above, petitioner urges that just as there can be no murder conviction without a body, there can be no conviction on a weapon enhancement without a weapon being introduced in evidence. She maintains that assumptions do not suffice for a valid conviction and that she was convicted on the weapon enhancement as to a weapon that "they're not sure existed."

Petitioner's conclusory and factually unsupported argument regarding the lack of a weapon in evidence does not present new reliable evidence not presented at trial tending to establish that no juror would have found her not guilty of the weapon enhancement beyond a reasonable doubt. Petitioner's premises and logic again are fundamentally flawed. A defendant can be convicted of murder based upon circumstantial evidence even if the victim's body cannot be found.[8] Similarly, a defendant can be convicted of a weapon enhancement based upon circumstantial

---

*(… fn. cont.)*
raising the question of whether the one-year time bar may be avoided on a showing of actual innocence. Resolution of the present show-cause inquiry does not turn upon the outcome in *McQuiggen*. Ninth Circuit precedent currently recognizes actual innocence as a basis for avoiding the time-bar, and, as discussed in the text, petitioner has not made the requisite showing under that precedent and the actual innocence standard otherwise applicable to overcome a procedural bar.

[7]Petitioner once again has not argued actual innocence *per se* under the governing law outlined in the show-cause order, but the Court has placed her arguments in the appropriate place in the analysis.

[8]*See,e.g., Vignolo v. Ignacio*, No. 2:00-cv-00430-ECR-RAM, #59, at 14-17 (D.Nev., Sept. 4, 2003) (discussing the Nevada *corpus delicti* rule and sufficiency of the evidence to convict in a murder case where the victim's body never was recovered).

evidence even if the weapon is not recovered and introduced into evidence. For example, if a murder victim was killed by a gunshot wound to the chest, it is an entirely permissible, if not compelled, inference that he was killed by a dangerous weapon. An offender may not avoid exposure on a weapon enhancement merely by the expedient of ditching the murder weapon. Petitioner's conclusory assertion that the murder weapon was not found or introduced at trial thus falls far short of carrying her burden in seeking to avoid the time bar based on a claim of actual innocence.[9]

On her second contention, petitioner's bare assertion that she was convicted without valid evidence despite claiming self-defense similarly fails to carry her burden of demonstrating actual innocence.

On her third contention, petitioner contends that an amendment to the weapon enhancement statute that changed the length of the sentence to be imposed on the enhancement should be applied retroactively to her case. This legal argument fails to establish actual innocence under the applicable standard. In order to establish actual innocence, a petitioner must establish actual factual innocence, not alleged legal insufficiency. *See,e.g., Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). A legal argument that a post-offense, post-sentencing amendment to the weapon enhancement statute changing the sentence that could be imposed should have been applied retroactively to petitioner's case does not establish actual innocence of the weapon enhancement.[10]

Finally, on her fourth contention, petitioner asserts that the failure to consider her claims would result in a fundamental miscarriage of justice. However, judicial

---

[9] As discussed *supra* at 6, the show-cause order expressly directed that petitioner must present competent evidence of specific actual fact in her response to the order. Conclusory argument is insufficient.

[10] The Court notes that the Supreme Court of Nevada held that the statute does not apply retroactively to offenders who committed their crimes prior to the effective date of the amendment. *See State v. Second Judicial District Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008). The Supreme Court of Nevada of course is the final arbiter of Nevada state law. In any event, a legal argument under either state or federal law that the provisions of the statute changing the length of the sentence to be imposed should be applied retroactively does not tend to establish actual factual innocence of the weapon enhancement itself.

10

consideration of procedurally barred claims on the premise that to do so is necessary to avoid a fundamental miscarriage of justice is limited to demonstrated claims of actual innocence. *See,e.g., Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008). A petitioner who asserts only constitutional claims without establishing actual innocence under the narrow gateway required to establish such a claim fails to satisfy the standard for the miscarriage of justice exception. 541 F.3d at 937. As discussed above, petitioner has not even begun to shoulder her burden of demonstrating actual innocence under the demanding standard for such claims.

Petitioner accordingly has failed to demonstrate in response to the show-cause order that the petition should not be dismissed with prejudice as time-barred.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the district court's dismissal of the petition as time-barred, following issuance of a show-cause order and consideration of petitioner's response thereto, to be debatable or wrong. Petitioner has presented neither competent evidence nor specific evidence as directed by the show-cause order. Her conclusory factual and legal arguments in any event do not present a viable basis for overcoming one-year statute of limitation, for the reasons discussed herein.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall provide respondents with notice of the action taken herein by effecting informal electronic service of the order and judgment upon Catherine Cortez Masto as per the Clerk's current practice, together with regenerating notices of electronic filing to her office of the prior filings herein. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

///

1  The Clerk of Court shall enter final judgment accordingly, in favor of respondents
2  and against petitioner, dismissing this action with prejudice.
3
4  DATED THIS 25th day of January 2013.
5
6  _____
   MIRANDA M. DU
7  UNITED STATES DISTRICT JUDGE

12